IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:05CR63 |
| | ) | |
| v. | ) | |
| | ) | |
| MARIO RAMIREZ-BELTRAN, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on defendant's objections, Filing No. 24, to the report and recommendation ("R&R") of the magistrate, Filing No. 23. Defendant moved to suppress evidence seized after police searched his vehicle, contending that the stop and subsequent search were illegal. Filing No. 11. The magistrate judge recommended that the defendant's motion to suppress be denied. Pursuant to 28 U.S.C. § 636(b)(1)(A), the court has conducted a de novo determination of those portions of the R&R to which the defendant objects. *United States v. Lothridge*, 324 F. 3d 599, 600-01 (8th Cir. 2003). The court has reviewed of the entire record including the transcript of the suppression hearing. The court accepts the facts set out in the R&R and they need not be repeated here, except to the extent necessary to this court's findings.

Police Officer Travis Oetter located his vehicle on Interstate 80 on January 20, 2005, where he conducted vehicle stops for traffic violations and also looked for potential narcotics activity. A car passed Officer Oetter with a rear plate, partially covered with a nonfactory license plate bracket. Officer Oetter testified that he believed that under Nebraska law the contents of a license plate must be fully visible. Following the suspect vehicle, Officer Oetter moved within a couple of car lengths of the vehicle until he could

see the numbers on the plate. Officer Oetter then observed a cactus on the bottom corner of the license plate, and thus he knew the plate originated in Arizona. The name of the state, however, could still not be seen. Consequently, Officer Oetter pulled over the vehicle, received consent to search, and ultimately found drugs under the back seat of the vehicle.

Defendant makes only one objection to the report and recommendation of the magistrate. Defendant objects to the report and recommendation of the magistrate's finding that reasonable suspicion existed to justify the stop of defendant's vehicle. Defendant contends that the magistrate should have concluded that when there is a lack of knowledge about an applicable law violation, then an officer cannot have reasonable suspicion to stop a vehicle.

Officer Oetter testified that Nebraska law requires "that all letters, numbers and markings on the license plate to be clear, visible and readable." Tr. 9:7-9. Neb. Rev. Stat. § 60-324. He further testified that he knew other states had similar license requirements, although he did not specifically know the Arizona law in this regard. While Officer Oetter is correct in his understanding of Nebraska law for Nebraska residents, Nebraska law permits reciprocity and allows the law of the issuing state, in this case Arizona, to apply to nonresidents. Neb. Rev. Stat. § 60-328. Defendant argues that his license complied with Arizona law. Ariz. Rev. Stat. § 28-2354.

The court finds that the magistrate correctly applied the law in this case. The case law requires that the officer's actions be viewed from the perspective of what is objectively reasonable under the circumstances of the traffic stop and "what the officer reasonably knew at the time." *United States v. Smart*, 393 F.3d 767, 770 (8th Cir. 2005) (quoting,

*United States v. Sanders*, 196 F.3d 910, 913 (8th Cir. 1999). In this case the name of the state was not visible to Officer Oetter, and he believed that violated Nebraska law. The court agrees with the magistrate that Officer Oetter's actions were objectively reasonable. In the alternative, the court also agrees with the magistrate that Neb. Rev. Stat. § 60-328 grants reciprocity only to the extent that Arizona would likewise grant like exemptions and privileges would be granted to Nebraska residents. The magistrate found no Arizona law that provided for such reciprocity, and the parties offered no such evidence in this case. Finally, the court wishes to note that even if it applied the Arizona statute addressing license plate requirements, the statute requires that "A person shall maintain each license plate so it is clearly legible . . . in a position to be clearly visible." Ariz. Rev. Stat. § 28-2354(B). Arguably, covering up the name of the state does not even comply with the Arizona statutory requirement that the plate be clearly legible and visible. For all of these reasons, the court finds the motion to suppress should be denied.

THEREFORE, IT IS ORDERED:

1. Defendant's motion to suppress, Filing No. 11, is denied;

2. Defendant's objections to the report and recommendation of the magistrate, Filng No. 24, are overruled; and

3. The report and recommendation of the magistrate, Filing No. 23, is adopted in its entirety.

DATED this 11th day of July, 2005.

BY THE COURT:

s/ Joseph F. Bataillon  
JOSEPH F. BATAILLON  
United States District Judge